# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-178V
### Filed: June 30, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| KATHLEEN THEOBALD, | * | |
| | * | |
| v. | * | |
| Petitioner, | * | Ruling on Entitlement; Concession; |
| | * | Influenza Vaccination; |
| | * | Shoulder Injury Related to Vaccine |
| SECRETARY OF HEALTH | * | Administration ("SIRVA"); |
| AND HUMAN SERVICES, | * | Special Processing Unit ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Maximillian Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Amy Kokot, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On February 4, 2016, Kathleen Theobald ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act" or "Program"). Petitioner alleges that she suffered a left shoulder injury caused in fact by the influenza vaccine she received on October 20, 2014. Petition at 1, ¶ 15. Petitioner further alleges that she received the vaccination in the United States, suffered the residual effects of her injury for more than six months, and has never received an award or settlement for her injury, alleged as vaccine caused. *Id.* at ¶¶ 2, 15, 18. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 30, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report[3] at 1. Specifically, respondent "has concluded that petitioner's alleged injury is consistent with SIRVA and that it was caused-in-fact by the flu vaccine she received on October 20, 2014." *Id.* at 4. Respondent further agrees that "based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act." *Id.*

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Respondent filed the Rule 4(c) Report in conjunction with a Proffer, titling the document "RESPONDENT'S RULE 4(c) REPORT AND PROFFER ON DAMAGES."